UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 12        4663

---

JONAS BONNEAU

    Plaintiff,

Against

THE CITY OF NEW YORK,
OFFICER CHAVEZ #22689 OFFICER GALE # 11114
DOES 1-10

    Defendant(s)

Index No.:

COMPLAINT

GLASSER, J.
LEVY, M.J.

---

TAKE NOTICE, the Plaintiff, JONAS BONNEAU hereby appears in this action by his attorneys, The Umoh Law Firm, PLLC, and demands that all papers be served upon him, at the address below, in this matter.

Plaintiff, JONAS BONNEAU, by his attorney, Nkereuwem Umoh Esq., complaining of the defendants, The City of New York, and OFFICER CHAVEZ #22689 OFFICER GALE # 11114 and John Doe Police Officers collectively referred to as the Defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2. This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants,

perpetrated while said defendant officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3. The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the First, Fourth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff Jonas Bonneau is a resident of the State of New York.

7. Officer Chavez and Officer Gale and at all times relevant to this action were, employees of the City of New York and acting under color of state law. Said officers are being sued in both their individual and official capacities.

7. Defendant Officers Doe are unknown officers for the City of New York, acting under

color of state law. They are being sued in both their individual and official capacity.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendant Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about October 31, 2009 at approximately 7:15 PM at 1227 Flatbush Avenue, Brooklyn NY and continuing until on or about November 1, 2009 at about 9:00PM.

10. That at said place, the City of New York by its Police Officers Chavez an Officers Gale and other police officers, acting as agents and servants of the City of New York and within the scope of their employment and without cause or provocation, assaulted the plaintiff.

11. Plaintiff was assaulted and suffered injuries during the arrest by the defendants.

12. The defendants punched plaintiff, causing injuries to his left eye, and about his body. Such acts caused plaintiff to sustain the injuries herein; that said assault, false arrest an unlawful detention, violation of rights and malicious prosecution, causing plaintiff to sustain injuries.

13. That said assault was in violation of civil rights were further aggravated by the officers' refusal to promptly tend to or address claimant's request to be taken to the hospital for injuries suffered during the course of the arrest.

14. As a direct and proximate result of defendants' actions, plaintiff suffered and continue to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent.

15. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

16. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

17. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing correctional officers including defendants in this case, to engage in unlawful conduct.

18. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other officers thereby causing and encouraging officers including defendants in this case, to engage in unlawful conduct.

19. Defendant City of New York, as a matter of policy and practice, conceals reports of violence and other constitutional violations of inmates by other officers thereby causing and encouraging officers including defendants in this case, to engage in unlawful conduct.

20. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive

use of force and from malicious prosecution, abuse of process, and the right to due process.

21. By these actions, defendants have deprived plaintiff of rights secured by the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

22. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against all Defendants.

23. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

24. By assaulting and battering Jonas Bonneau, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, Officer Chavez and Officer Yale deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

25. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

26. The Defendant acted under pretense and color of state law and in their individual and

official capacities and within the scope of their respective employment as Corrections Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the First, Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

27. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12 against all Defendants

28. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

29. By using excessive force without probable cause or reasonable suspicion, using excessive force, and assaulting him, the Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

30. In addition, the Defendant Officers conspired among themselves to deprive plaintiff of her constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

31. The Defendants Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as Correctional Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff

of his constitutional rights secured by Article 1, Section 12 of the New York Constitution.

32. Defendants, their officers, attorneys, agents, servants and employees were responsible for Plaintiff's deprivation of his state constitutional rights. Defendants, as employer, are, is responsible for their wrongdoing under the doctrine of respondent superior.

33. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before alleged.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery—City of New York and Officer Chavez and Officer Gale

34. Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

35. In physically assaulting, threatening and intimidating plaintiff, the Defendants Officers, acting in their capacities as Police Officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff.

36. As a direct and proximate result of the misconduct and abuse of authority detained above, Plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

37. The Plaintiff hereby restates all paragraphs of this complaint, as though fully set forth below.

38. The Defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiffs.

39. Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish, which were inflicted through deliberate and malicious detention and imprisonment by the Defendants Officers.

40. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the Plaintiff at the hands of the Defendants' employees. Defendants, as employers, are responsible for their wrongdoing under the doctrine of respondent superior.

41. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A FIFTH CAUSE OF ACTION:

Negligent Retention of Employment Services-against the City of New York.

42. Plaintiff hereby restates all paragraphs of this Complaint, as though fully set forth below.

43. Upon information and belief, defendants, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

44. Upon information and belief, defendants owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

45. Upon information and belief, defendants knew or should have known through the exercise of reasonable diligence that their employees were not prudent.

46. Upon information and belief, defendants' negligence in hiring and retaining the employees Defendants proximately caused Plaintiff's injuries.


47. Upon information and belief, because of the defendant's negligent hiring and retention of the aforementioned Defendants, Plaintiff incurred significant and lasting injuries.

## AS A SIXTH CAUSE OF ACTION:

Negligence against all Defendants.

48. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim herein.

49. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

50. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and are still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

51. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## AS A SEVENTH CAUSE OF ACTION:

Negligence Infliction of Emotional Distress
against all Defendants.

52. Plaintiff repeats and realleges all paragraphs as if each paragraph is repeated verbatim

herein.

53. As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiffs suffered physical injury, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

54. That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and have remained sick, sore, lame and disabled since the aforesaid incident; has suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; has suffered economic loss inasmuch as he was forced to, and are still forced to expend sums of money on medical treatment; that he was deprived of his pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

55. This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

1. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

3. On the Third Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

4. On the Fourth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

5. On the Fifth Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial;

6. On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

7. On the Seventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial; and

8. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:

August 26, 2012
Brooklyn, New York

Respectfully Submitted

By: NKEREUWEM UMOH Esq. [NU-7233]
25 Bond Street,
2nd Floor
Brooklyn, New York 11201
Tel. (718) 360-0527
Fax No.     : (800) 516-5929